23 C.C.P.A.(Patents)

## In re McKEAN.

### Patent Appeal No. 3654.

Court of Customs and Patent Appeals.
June 8, 1936.

E. Clarkson Seward, of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Four claims (being all the claims) numbered, respectively, 4, 5, 7, and 13 of appellant's application for patent relating to "Traversing Means for Winding Machines," were rejected by an examiner of the United States Patent Office, whose decision was affirmed by the Board of Appeals. From the decision of the latter, appeal was taken to this court.

Claim 13, illustrative of the subject-matter and seemingly broadest of the claims, reads as follows: "13. A yarn traversing means for winding machines having tapered cores upon which the yarn is to be wound, said traversing means comprising a rotatable tapered roll having in its peripheral surface a plurality of yarn engaging grooves arranged in non-intersecting oppositely disposed helices, said yarn engaging grooves increasing in pitch from the larger to the smaller end of the tapered roll."

The cited references are:

Hill et al., 322,451, July 21, 1885.
McKean, 1,918,210, July 11, 1933.

The particular device involved is a roller, in the shape of a truncated cone, having grooves in its surface of substantially helical or spiral form. In operation, a cone-shaped bobbin of suitable material, as for example paste-board, upon which threads (subsequently to be used in weaving) are wound, is placed in position with reference to the grooved cone. The cone is revolved, and the threads, being fed to it (by means not here involved) and carried through the surface grooves, are wound upon the bobbin; the resulting package when finished being itself in the form of a truncated cone.

The patent to Hill et al. entitled "Machinery for Winding Yarn or Thread onto Spools or Bobbins" discloses a device "whereby," according to the specification, "yarn or thread may be wound on spools or bobbins with or without heads, and either in a cylindrical or conical form, the "tapered or conical traverse roll"—it

* * *." One of the drawings shows a conical drum with a spiral slot or groove through which the thread is guided for winding upon the bobbin, but the bobbin shown in the drawing is itself cylindrical, not cone-shaped. The specification, however, teaches that: "When spools or bobbins wound in the form of a cone are required, it is usually necessary that the yarn or thread be wound on a correspondingly-shaped bare spool or bobbin, and the same form is retained throughout the winding. * * *"

The patent to McKean (appellant here) bears the same title as that of the present application. It is unnecessary to give any detailed description of it, in view of the following statement in the brief on his behalf: "Appellant concedes that his prior patent shows and claims the particular form and non-intersecting arrangement of grooves or depressions disclosed in the present application, but said patent does *not* show the tapered or conical traverse roll, and it does *not* show the grooves or depressions to be of increasing pitch from one end of the roll to the other. Hence, the appealed claims could not possibly have been included in said patent, with which the present application was co-pending. To supply these features of novelty, the Board relies upon the old patent to Hill and Brown which shows a different kind of traverse roll having a slot that has an increased pitch near the smaller end but does not increase in pitch from one end to the other as required by the claims appealed." (Italics quoted.)

From the foregoing statement it appears that the particular features or limitations upon which appellant relies are limited to (1) "the tapered or conical traverse roll," and (2) the "increasing pitch" of the grooves from one end of the roll to the other.

The statement of the examiner following the appeal to the board states that the claims "are rejected on the grounds of double patenting since they do not define any patentable invention over the invention claimed in applicant's patent No. 1,-918,210 in view of Hill et al." The decision of the board makes no reference to double patenting, but it is clear that that tribunal was of opinion that the claims were properly rejected upon the art cited, and we are of the same opinion.

Considering the first feature—that of the "tapered or conical traverse roll"—it

is true that the conical drum of Hill et al., as shown in the drawings, appears to differ somewhat in dimensions from the roll of appellant, but it is of truncated conical form, and, as will be seen from the quotation from its specification, supra, it teaches the use of a conical bobbin, when desirable, although the bobbin shown in the drawing is not conical.

The second feature—that of the "increasing pitch" of the grooves from end to end—is the feature which appellant most strongly emphasizes. In his own patent the roll was cylindrical and the pitch of the grooves, it is assumed, was generally uniform from end to end. The Hill et al. patent, however, contains the following with reference to the slot or groove of its conical drum: "The curve of the slot C is not of a uniform pitch or inclination from one side to the other in all cases; but said slot may be formed of *greater or less pitch at one part than at the other.*" (Italics ours.)

It would seem, therefore, that appellant in his device at issue has merely applied a principle clearly taught by Hill to the groove system of the device of his own patent, said system being conceded to have the same "form and non-intersecting arrangement of grooves or depressions" in both the patent and the present application.

It may be said that appellant's specification in the instant case makes no reference to "increasing pitch" in the grooves and the only disclosure of this in the application as filed is conceded to be in the drawings. From our inspection of these we are of the opinion that it might well be questioned whether they *clearly* disclose the pitch, but assuming that they do, as the board seems to have assumed, we do not regard appellant's modification as constituting invention, in view of the teaching of Hill et al.

After the board's decision, appellant presented a petition for rehearing, filing therewith an affidavit in which he elaborated upon the features herein discussed. The application was thereupon remanded to the examiner under the provisions of Patent Office rule 138 for reconsideration under rule 76. The examiner made a second statement to the board, and the board, discussing such matters as seem to be material, in effect, rendered a second decision and denied the petition.

We have examined the affidavit and find no reason for disagreeing with the conclusion of the tribunals of the Patent Office thereon.

The decision of the Board of Appeals is affirmed.

Affirmed.